**Maurice PATRICK, Plaintiff—Appellant,**

v.

**SAXON MORTGAGE, INC., Defendant—Appellee.**

No. 10–35386.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 25, 2011.*

Filed Nov. 1, 2011.

Maurice Patrick, Pasco, WA, pro se.

Before: TROTT, GOULD, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Maurice Patrick appeals pro se from the district court's order denying his motion for default judgment, and its judgment dismissing his diversity action for failure to serve the summons and complaint in a

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

timely manner. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 511 (9th Cir.2001) (dismissal for failure to serve summons and complaint in a timely manner); *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir.1986) (denial of default judgment). We affirm.

The district court did not abuse its discretion by denying Patrick's motion for default judgment because Patrick never properly served the summons and complaint on defendant. *See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir.1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P. 4.").

The district court did not abuse its discretion by dismissing the action without prejudice because Patrick failed to establish good cause for his failure to serve properly the summons and complaint or other grounds warranting an extension of time to execute service. *See* Fed.R.Civ.P. 4(m) (requiring service within 120 days after the complaint is filed); *In re Sheehan*, 253 F.3d at 512–13 (discussing good cause and the district court's broad discretion to extend time for service or to dismiss the action without prejudice); *see also Ash v. Cvetkov*, 739 F.2d 493, 495–97 (9th Cir.1984) (listing factors to consider before dismissing an action for lack of prosecution, and explaining that "dismissal without prejudice is a more easily justified sanction for failure to prosecute").

Patrick's remaining contentions are unpersuasive.

Patrick's "Motion for Clarification of Status," entered on August 23, 2010, is denied as moot.

**AFFIRMED.**

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.